FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 DEC -4 PM 3:47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FABIAN V. BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-019 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Fabian V. Beard ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Plaintiff protectively applied for DIB on March 31, 2009, alleging a disability onset date of December 24, 2007. Tr. ("R."), pp. 77, 158-61. The Social Security Administration denied Plaintiff's application initially, R. 77, and on reconsideration, R. 78. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a video hearing on July 27, 2011. R. 27-60. At the hearing, the ALJ heard testimony from Plaintiff,

who was represented by counsel,[1] as well as a Vocational Expert ("VE"). See id. On September 1, 2011, the ALJ issued an unfavorable decision. R. 8-26.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 24, 2007 (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairment: degenerative disc disease (DDD) of cervical spine status-post two surgeries (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work[2] except that he is able to occasionally climb ladders, ropes, and scaffolds. He is able to frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He is unable to perform overhead work with the upper left extremity. With the left upper extremity, he can frequently lift to shoulder level. With the right upper extremity, he can occasionally work overhead. He is unable to repetitively turn his head from side-to-side. He would perform best with a sit-stand option that permits him to alternate sitting and standing once per hour, for up to five to ten minutes at a time. He must avoid concentrated exposure to extreme cold, wetness, and

---

[1] Although Plaintiff was represented by counsel during the underlying administrative proceedings, he is proceeding *pro se* in the instant action.

[2] "Sedentary work" is defined as work that involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

2

vibration. He is able to perform unskilled and semi-skilled work. In light of his RFC, the claimant is unable to perform any past relevant work. (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including bench hand, table worker, and sorter. (20 C.F.R. §§ 404.1569 and 404.1569(a)). Therefore, the claimant was not under a disability, as defined in the Social Security Act, from December 24, 2007 through September 1, 2011 (the date of the ALJ's decision).

R. 13-22.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision.

Contrary to the Court's instructions (see doc. no. 10, pp. 1, 3), Plaintiff has neither cited authority in support of his position nor specifically stated the issues presented for review. However, giving a liberal construction to Plaintiff's *pro se* brief, the Court concludes that Plaintiff is arguing that the ALJ erred in his RFC assessment in that he failed to properly evaluate Plaintiff's mental condition, as well as his subjective complaints of pain. (See doc. no. 12 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's applications for benefits was supported by substantial evidence and should be affirmed. (See doc. no. 15 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence,

Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d

4

1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Substantial Evidence Supports the ALJ's Finding Concerning Plaintiff's Mental Condition

As noted above, Plaintiff first argues that the ALJ erred in his RFC assessment in that he failed to properly evaluate Plaintiff's mental state. (See Pl.'s Br., p. 1.) The Court concludes, however, that the ALJ's finding that Plaintiff's medically determinable mental impairments are nonsevere, R. 15, is supported by substantial evidence and that, moreover, that finding is properly reflected in Plaintiff's RFC. 20 C.F.R. § 404.1520a sets forth a "special technique" to be followed in the analysis of the severity of mental impairments at the second step of the sequential process. The ALJ must first evaluate a claimant's "symptoms, signs, and laboratory findings" to determine whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 404.1520a(b). Next, the ALJ must rate the degree of functional limitation resulting from the mental impairment by considering four functional categories and rating the degree of functional limitation in each category.[3] Id. § 404.1520a(c). Those categories include activities of daily living; social

---

[3] These four functional categories are known as the "paragraph B" criteria. R. 159.

functioning; concentration, persistence, or pace; and episodes of decompensation.[4] Id. § 404.1520a(c)(3). In rating the first three functional categories, an ALJ classifies the degree of limitation as "none," "mild," "moderate," "marked," or "extreme." In rating the decompensation category, the ALJ classifies the limitation as "none," "one or two," "three," and "four or more." Id. § 404.1520a(c)(4). "The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." Id.

After rating the degree of functional limitation stemming from a mental impairment, the ALJ must then determine whether that impairment is severe. Id. § 404.1520a(d). If the ALJ finds the degree of limitation in the first three categories to be "none" or "mild" and the degree of limitation in the fourth category to be "none," the ALJ "will generally conclude that [the] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation on [the] ability to do basic work activities." Id. § 404.1520a(d)(1). Only if the ALJ finds that the mental impairment is severe will he then be required to determine whether the impairment meets or is equivalent in severity to a listed mental disorder. Id. § 404.1520a(d)(2).

Here, the ALJ explicitly considered Plaintiff's medical history concerning his mental condition and then methodically addressed the four broad functional areas described above. The ALJ noted that, although Plaintiff reported a history of depression that began in 2008 following his surgery, there was no evidence of any prior treatment or related psychiatric

---

[4]"*Episodes of decompensation* are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence or pace." 20 C.F.R. Part 404, Subpart P, App. 1, §12.00(C)(4).

medication before November of 2010. R. 14, 466-69, 508-10. The ALJ also noted that, when Plaintiff did ultimately present to the emergency room in November of 2010 complaining of depression and suicidal thoughts, he claimed upon his discharge that the suicidal thoughts were gone and that he was "doing better." R. 14, 466-69. Finally, the ALJ took into account Plaintiff's Global Assessment of Functioning ("GAF") scores, albeit specifying that GAF scores are not determinative of overall disability, and additionally noted that state agency reviewers concluded that Plaintiff had no severe mental impairments.[5] R. 14, 470-81.

The ALJ subsequently found that Plaintiff had a mild limitation in activities of daily living, a mild limitation in social functioning, a mild limitation in concentration, persistance, or pace, and no episodes of decompensation. R. 15. Accordingly, applying the provisions of 20 C.F.R. § 404.1520a(d)(1), the ALJ properly found that Plaintiff's medically determinable mental impairments are nonsevere. The ALJ then explained that Plaintiff's RFC would reflect the degree of limitation that he found in the "paragraph B" mental function analysis. R. 15. Thus, the ALJ's finding that Plaintiff's mental impairments are nonsevere is supported by substantial evidence and was properly considered in establishing the Plaintiff's RFC.

---

[5] The Court additionally notes that Plaintiff's brief appears to indicate that whatever mental impairments he does suffer from are adequately controlled by a prescription medicine that he takes for that very purpose. (Pl.'s Br., p. 1.) As the ALJ noted in connection to Plaintiff's argument concerning pain, see infra Part III.B, the Social Security regulations require a claimant to follow treatment prescribed by his physician if the treatment can restore the claimant's ability to work. 20 C.F.R. § 404.1530(a).

7

## B. The ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain

Next, Plaintiff argues that the ALJ erred in his RFC assessment in that he failed to properly evaluate Plaintiff's subjective complaints of pain. (See Pl.'s Br., p. 1.) In particular, he asserts that the pain caused by his impairments prevents him from working and that he must take pain pills "constantly on a regular basis" in order to manage the pain. (Id.) He also states that his pain and inability to work have caused him to have a mental breakdown and suicidal thoughts; in apparent reference to his mental condition and depression, he states that, were it not for his medication, "who knows what the results may be." (Id.) The Commissioner argues that substantial evidence supports the ALJ's RFC assessment, including his evaluation of Plaintiff's pain and mental condition as well as his findings regarding Plaintiff's physical limitations. (See Comm'r's Br., pp. 6-11.) The Commissioner has the better argument.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[6] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005).

Here, rather than specifying any deficiency in the ALJ's credibility determination, Plaintiff merely asserts, in a conclusory fashion, that he can no longer work because of his pain. (Pl.'s Br., p. 1.) However, the ALJ's written decision clearly reflects that the Holt analysis was appropriately followed when reaching the conclusion that, although Plaintiff had medically determinable impairments that could reasonably be expected to produce the symptoms alleged by Plaintiff, his allegations as to the intensity, duration, and limiting effects of those symptoms were not entirely credible. R. 17-20.

In reaching this conclusion, the ALJ noted that Plaintiff's medical records showed that, although he initially underwent surgery on his neck in 1997, and then underwent a "redo anterior cervical diskectomy and fusion" on January 29, 2008, the medical records

---

[6]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

post-surgery indicated that Plaintiff's symptoms were improving. R. 17, 421-26. For example, that ALJ noted that emergency room records from June 2, 2008 showed that Plaintiff had "no problems with ambulation" and "full range of motion in all extremities" without any "radicular numbness or tingling," and that records from June 18, 2008 showed that Plaintiff reported that his pain was under control and that, in general, he was feeling "much better finally." R. 17, 308, 398-400. Moreover, the ALJ noted that, by March of 2009, Plaintiff reported only intermittent pain, no difficulty in ambulation, only mild distress, and full range of motion in his extremities. R. 18, 330-38. Finally, the ALJ noted that, in April of 2010, a physical consultative examination showed that "all range of motion testing was normal, both shoulders and knees were stable and [Plaintiff] was able to get on and off the table without difficulty," and that, on November 22, 2010, "it was documented that [Plaintiff's] pain had significantly improved." R. 18, 460-64, 511-37. The ALJ specifically concluded that Plaintiff's "treatment history is inconsistent with the reported severity of the symptoms as alleged by the claimant." R. 18.

Moreover, the ALJ noted that the longitudinal records reveal that Plaintiff's pain symptoms are relieved so long as he is compliant with the medication that is prescribed to him, but that Plaintiff had not been entirely compliant in doing so or in following the recommendations of his treating physician. Id. In other words, the ALJ noted that, so long as Plaintiff "is compliant with prescribed medication and treatment recommendations his symptoms are reduced or eliminated, however, when he is noncompliant, his symptoms return." Id. In fact, Plaintiff's statement in his brief that he must "take pain pills constantly on a regular basis" in order to manage his pain is not inconsistent with the same finding.

(Pl.'s Br., p. 1.) The ALJ specifically noted that, per 20 C.F.R. § 404.1530(a), the Social Security regulations require a claimant to follow treatment prescribed by his physician if such treatment can restore the claimant's ability to work. R. 18.

Finally, the ALJ noted that Plaintiff's testimony that he required a cane for ambulation was inconsistent with the medical evidence that overwhelmingly documented Plaintiff's ability to ambulate without difficulty. R. 18, 398-400, 460-64. The ALJ further found that Plaintiff's testimony as to the severity of his pain and its effect on his ability to work was inconsistent with the opinions of his treating physicians and his consultative examiner, none of whom ascribed to Plaintiff any work-related limitations. R. 19. Moreover, the ALJ noted that, in fact, Plaintiff's treating physician opined that Plaintiff was able to return to work so long as he was employed in a sedentary position, and further recommended physical therapy. R. 19, 307.

In short, in accordance with the requirements of Holt, the ALJ sufficiently explained his reasons for discounting Plaintiff's subjective complaints. The ALJ's credibility determination was based on the record as a whole, and he adequately articulated the basis for his determination in his written decision. The ALJ reviewed Plaintiff's medical records and properly considered Plaintiff's own testimony regarding his complaints of pain and other symptoms under the Holt standard. Plaintiff's conclusory assertion that his pain precludes him from working is plainly insufficient to justify departing from the ALJ's clearly articulated credibility findings, which are supported by substantial evidence and therefore may not be disturbed by a reviewing court. See Foote, 67 F.3d at 1562.

In sum, the ALJ's opinion, including his RFC assessment, is supported by substantial evidence, and Plaintiff's conclusory allegations of pain and mental impairment fail to demonstrate any error that would justify reversal of the unfavorable decision. Because the ALJ's determinations are supported by substantial evidence, the final decision of the Commissioner should be affirmed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 4th day of December, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE